OPINION
{¶ 1} Marlene Dirksen is appealing the Darke County Common Pleas Court's grant of summary judgment to the defendant, American Home Assurance Company ("AHA").
 {¶ 2} On August 4, 1999, Rebecca Philpot caused a collision between her vehicle and Marlene Dirksen's vehicle. Dirksen was injured in the accident along with her three daughters. Dirksen settled with Philpot's insurance company for the policy limits.
 {¶ 3} On July 26, 2001, Dirksen, along with her husband and three daughters, brought this suit against AHA for underinsured motorist ("UIM") coverage and declaratory judgment. AHA had issued a business auto policy and a commercial general liability policy to Dirksen's husband's employer. The parties filed cross motions for summary judgment. The trial court sustained AHA's motion for summary judgment in January of 2003. Dirksen appealed. In August of 2003, we determined that although summary judgment on the commercial general liability policy was proper, the trial court erred in granting summary judgment on the business automobile policy. Dirksen v. Philpot, Darke App. No. 1610, 2003-Ohio-4320 ("DirksenI").
 {¶ 4} Both Dirksen and AHA filed appeals to the Ohio Supreme Court. While this appeal was pending, the Court issued its decision in Westfieldv. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. After issuing itsGalatis decision, the Court declined jurisdiction of the parties' appeals.
 {¶ 5} When the trial court regained jurisdiction of this case, AHA filed a second motion for summary judgment. In its decision on September 16, 2004, the trial court found that under Dirksen I AHA was required to provide UIM coverage to Dirksen. However, the court relied on the Galatis
decision to grant summary judgment to AHA.
 {¶ 6} Dirksen has filed this appeal from the judgment, raising the following as her sole assignment of error.
 {¶ 7} "The trial court erred in applying Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256 to the within case, and not following the `law of the case' doctrine as set forth in the decisions of the Ohio supreme court."
 {¶ 8} Dirksen argues that the trial court erred in applying Galatis,
supra to this case when it was bound by this Court's opinion in DirksenI. We disagree.
 {¶ 9} Our review of the trial court's decision to grant summary judgment is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd., 78 Ohio St.3d 181, 183, 1997-Ohio-221; Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 656-6.
 {¶ 10} The Ohio Supreme Court explained the law-of-the-case doctrine in Nolan v. Nolan (1984), 11 Ohio St.3d 1, stating:
 {¶ 11} "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.
 {¶ 12} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.
 {¶ 13} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." (Citations omitted.) Nolan, supra at 3.
 {¶ 14} However, the Nolan court held that although an inferior court may not generally disregard the mandate of a superior court in a prior appeal of the same case, it may do so in "extraordinary circumstances, such as an intervening decision by the Supreme Court." Id. at 1.
 {¶ 15} The Ohio Supreme Court's Galatis decision conflicts with the law-of-the-case herein. In Galatis, the Court limited the holding ofScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292 and overruled Ezawa v. Yasuda Fire Marine Ins. Co. ofAm., 86 Ohio St.3d 557. The Supreme Court held that unless the insurance policy contained specific language to the contrary, an insurance policy that names a corporation as an insured for UIM coverage only covers a loss sustained by the corporation's employee if the loss occurs during the course and scope of employment. Moreover, any UIM coverage to which an employee may have been entitled would not extend to her family members unless the employee was a named insured under the policy. Id.
 {¶ 16} In Wright v. Cincinnati Ins. Co.,159 Ohio App.3d 154,2004-Ohio-5932 ("Wright II"), we addressed the issue of whether on remand the law-of-the-case doctrine should be applied or the Supreme Court's holding in Galatis. In Wright II, an automobile accident victim brought an UIM claim against her employer's automobile insurer. Id. The insurer was granted summary judgment, and the plaintiff appealed. Id. In the original appeal, we sustained the plaintiff's assignments of error and reversed and remanded the matter. Id.; see also, Wright v. CincinnatiIns. Co., Montgomery App. No. 19802, 2003-Ohio-4201 ("Wright I"). The insurer appealed to the Ohio Supreme Court. Id. Before the Supreme Court decided if it would hear the appeal, the Court issued its Galatis
decision. Id. After, the Court declined to hear the insurer's appeal. Id. The insurer did not file a motion for reconsideration with the Supreme Court. Id. On remand, the insurer filed another motion for summary judgment. Id. The trial court relied upon Galatis and granted summary judgment. Id. The plaintiff appealed for a determination of whether the trial court erred in applying Galatis rather than following our ruling in Wright I. Id.
 {¶ 17} In Wright II, we stated that this Court's opinion in Wright I
became the law-of-the-case when the Ohio Supreme Court declined jurisdiction of the appeal. Wright II, supra. at ¶ 29. However, we noted that the Ohio Supreme Court had stated that the law-of-the-case doctrine should not be applied to achieve unjust results. Id. citing Nolan, supra at 3. This Court found that applying the law-of-the-case to allow the plaintiff to recover UIM benefits after Galatis would be unjust. Id. The unintended purposes of Scott-Pontzer and Ezawa should not be perpetuated when the trial court had the benefit of Galatis on remand. Id. Even though the insurer had not filed a motion for reconsideration with the Supreme Court, the insurer could properly argue Galatis on remand. Id. at ¶ 30.
 {¶ 18} Moreover, the Ohio Supreme Court has stated that "Galatis is an intervening decision that created an exception to the law-of-the-case doctrine." Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 5. InHopkins, the Ohio Supreme Court addressed a situation where an accident victim sought UIM coverage from her employer's insurer for her loss suffered while outside of the course and scope of her employment. Id. The trial court initially granted summary judgment to the insurer, but the court of appeals reversed. Id. On remand, the trial court found for the plaintiff. On appeal, the court affirmed the trial court's judgment and refused to apply Galatis, finding that the law-of-the-case governed. Id. When appealed to the Ohio Supreme Court, Galatis was determined to be an intervening case and an exception to the law-of-the-case doctrine. Id. Thus, Galatis, not the law-of-the case, must be applied. Id.
 {¶ 19} In this case, the trial court on remand found that underDirksen I, Dirksen would be an insured under AHA's policy, but the court felt compelled to apply Galatis. Galatis held that UIM coverage would only extend to family members of a corporation's employees if that employee was a named insured. AHA issued the policy to the company that employed Dirksen's husband. Thus, Dirksen's claim for UIM benefits under the AHA policy was through her husband. Because Dirksen's husband was not a named insured, Dirksen was not covered by the policy. Thus, underGalatis, Dirksen was not an insured.
 {¶ 20} Dirksen argues that the trial court erred in applying Galatis
rather than following the law-of-the-case. However, Hopkins and WrightII make it clear that Galatis is an intervening case and an exception to the law-of-the-case doctrine. Further, it would be unjust to apply the law-of-the-case doctrine to grant Dirksen UIM benefits that she would not be entitled to under Galatis. Moreover, as in Wright II, AHA is not confined to the law-of-the-case because it did not file a motion for reconsideration with the Ohio Supreme Court. Like the insurer in WrightII, AHA was free to raise Galatis on remand. The trial court acted properly in applying Galatis to this case and granting summary judgment to AHA. Dirksen's assignment of error is without merit and is overruled.
 {¶ 21} The judgment of the trial court is affirmed.
Brogan, P.J. and Wolff, J., concur.