OPINION
{¶ 1} Miami County Prosecutor Gary Nasal appeals from the trial court's decision and entry dismissing his complaint seeking enforcement of R.C. 2950.031, *Page 2 
which prohibits certain sex offenders from residing within one thousand feet of any school.[1]
 {¶ 2} The record reflects that appellee Edward Burge was convicted of corruption of a minor in March 2000 and designated a sexually oriented offender. In 2003, the General Assembly enacted R.C. 2950.031, which imposed residency restrictions on certain sex offenders. The restrictions included a prohibition against Burge establishing or occupying a residence located within one thousand feet of any school. In May 2006, Burge began occupying a residence located within one thousand feet of a school. Nasal filed his complaint in June 2006, seeking to enjoin Burge from continuing to occupy the residence.
 {¶ 3} The trial court granted the requested injunctive relief in January 2007. Burge appealed, and in August 2007 we reversed the trial court's judgment, in part, in Nasal v. Burge, Miami App. No. 07-CA-03,2007-Ohio-4337. Therein, we held that the residency restriction in R.C. 2950.031 did not violate the Ohio Constitution's prohibition against retroactive laws. We further held, however, that Burge was entitled to an evidentiary hearing as to whether the residency restriction violated the ex post facto clause of the United States Constitution. As a result, we remanded for a hearing limited to the ex post facto issue. Id. at ¶ 22. The trial court conducted the required hearing in November 2007. It later sua sponte dismissed Nasal's complaint on the authority ofHyle v. Porter, 117 Ohio St.3d165, 166, 2008-Ohio-542, which the Ohio Supreme Court decided in February 2008. Nasal timely appealed. *Page 3 
 {¶ 4} In his first assignment of error, Nasal contends the trial court erred in applying Hyle to the facts before it. In Hyle, the Ohio Supreme Court held: "Because R.C. 2950.031 was not expressly made retrospective, it does not apply to an offender who bought his home and committed his offense before the effective date of the statute." Id. at syllabus. Nasal points out that Burge committed his offense before the effective date of the statute but established his residence near a school after the statute's effective date. Therefore, Nasal asserts thatHyle is distinguishable and that the residency restriction may be imposed on Burge.
 {¶ 5} Upon review, we find Nasal's argument to be unpersuasive. Although Hyle involved an offender who both committed his offense and established his residence before the statute's effective date, the Ohio Supreme Court has not limited Hyle to such situations. In State ex rel.White v. Billings, 117 Ohio St.3d 536, 2008-Ohio-1590, the Ohio Supreme Court summarily reversed on the basis of Hyle and prohibited enforcement of the residency restriction under facts analogous to those before us. The offender in White committed his offense before the enactment of R.C. 2950.031. In April 2005, after the statute's enactment, he began residing in a home owned by his wife. The home was located within one thousand feet of a school. The trial court enjoined the offender from residing in the home and ordered him to move. The Twelfth District affirmed. Finding that the residency restriction could be applied to the offender, the appellate court stressed that he had moved into the residence after the enactment of R.C. 2950.031, making him subject to its terms. State ex rel. White v. Billings, Clermont App. No. CA2006-09-072, 2007-Ohio-4356, ¶ 35-37. Citing Hyle, the Ohio Supreme Court reversed. State ex rel. White v. Billings, 117 Ohio St.3d 536,2008-Ohio-1590; *Page 4 
see, also, Vandervoot v. Larson, Fairfield App. No. 07 CA 46,2008-Ohio-2913 (relying on White to find that a residency restriction could not be imposed on Darren Coey even though he established his residence near a school after the effective date of R.C. 2950.031).
 {¶ 6} Reading Hyle and White together, we conclude that the trial court properly denied Nasal's complaint for injunctive relief. Although the facts before us fall outside of Hyle's narrow holding, the Ohio Supreme Court noted in its analysis that R.C. 2950.031 "does not proclaim its applicability to acts committed or facts in existence prior to the effective date of the statute * * *." Hyle,117 Ohio St.3d at 169. Here Burge's criminal act was committed prior to the effective date of R.C. 2950.031. Therefore, the statute's residency restriction does not apply to him even though he began residing near a school after the statute took effect. White, supra. The first assignment of error is overruled.
 {¶ 7} In his second assignment of error, Nasal contends the trial court's dismissal of his complaint exceeded the scope of our remand and ignored the law of the case. Nasal asserts that the only issue on remand was whether R.C. 2930.031 violated the ex post facto clause of the federal Constitution. He claims the trial court ignored our determination in the first appeal that the statute did not violate the retroactivity clause of Ohio's Constitution.
 {¶ 8} We find the foregoing argument to be without merit. As set forth above, the Ohio Supreme Court held in Hyle that the General Assembly did not expressly make R.C. 2950.031 retroactive. Thereafter, inWhite, the Ohio Supreme Court applied Hyle to facts analogous to those before us. Hyle and White both were decided after our remand in this case. In light of these intervening decisions, the law-of-the-case doctrine had no *Page 5 
applicability. Dirksen v. Philpot, Darke App. No. 1650, 2005-Ohio-3748
(recognizing that the law-of-the-case doctrine does not prevent a trial court from applying an intervening Ohio Supreme Court decision). Moreover, after the Ohio Supreme Court decided Hyle and White, the trial court had no need to determine whether R.C. 2950.031 violated the ex post facto clause of the federal Constitution. The issue became moot once the Hyle court found no intent by the General Assembly to make R.C. 2950.031 retroactive. Accordingly, Nasal's second assignment of error is overruled.
 {¶ 9} The judgment of the Miami County Common Pleas Court is affirmed.
DONOVAN, P.J., and FROELICH, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Gary A. Nasal, James R. Dicks, Jr., David Singleton, Marguerite Slagle, Hon. Robert J. Lindeman.
[1] R.C. 2950.031 has been amended and recodified as R.C. 2950.034. See Hyle v. Porter, 117 Ohio St.3d165, 166, 2008-Ohio-542. *Page 1