OPINION
{¶ 1} Appellant, Franklin County Prosecuting Attorney Ron O'Brien ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas denying his motion for summary judgment, and granting judgment in favor of appellee, Raymond Whalen ("appellee"). *Page 2 
 {¶ 2} In January 2001, appellee was convicted by the Butler County Court of Common Pleas on two counts of corruption of a minor in violation of R.C. 2907.04, each a fourth-degree felony. The court sentenced appellee to five years of community control on each count, to be served concurrently, and ordered him to pay a fine. The court also ordered appellee to complete a sex offender program at a community correctional center, to have no contact with the victim or the victim's family, and to forfeit his computer equipment. Based on his convictions, appellee was designated a sexually oriented offender subject to registration requirements under R.C. 2950.04.
 {¶ 3} Effective July 31, 2003, the Ohio General Assembly enacted R.C. 2950.031, which prohibited sexually oriented offenders and child-victim oriented offenders from living within 1000 feet of a school. Effective July 1, 2007, this provision was expanded to prohibit such offenders from living within 1000 feet of a daycare center or pre-school center, and the prohibition was re-numbered as R.C. 2950.034. The statute provides, in relevant part, that:
 (A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises.
 {¶ 4} In June 2005, appellee purchased a home at 1815 Lonsdale Road in Columbus. Appellee registered at this address with the Franklin County Sheriff's Office in May 2008. The Sheriff's Office determined that 1815 Lonsdale Road is located less than 1000 feet from Woodcrest Elementary School. On September 12, 2007, pursuant to the authority set forth in R.C. 2950.034(A), appellant filed an action seeking preliminary and *Page 3 
permanent injunctive relief prohibiting appellee from continuing to reside at 1815 Lonsdale Road.
 {¶ 5} On July 10, 2008, the trial court granted appellant's motions to file an amended complaint and to extend the dispositive motion deadline until August 15, 2008. Appellee filed a response to the amended complaint on August 13, 2008, in which he stated his intention to sell and vacate the house at 1815 Lonsdale Road as soon as possible, but otherwise did not deny the allegations of the amended complaint regarding his classification as a sexually oriented offender or the proximity of the house to Woodcrest Elementary School.
 {¶ 6} Appellant filed a motion for summary judgment on August 15, 2008, to which appellee filed no response. On September 17, 2008, the trial court filed a decision and entry denying appellant's motion for summary judgment, and entering judgment in favor of appellee based on the court's conclusion that appellee was entitled to judgment as a matter of law. In reaching its decision, the trial court concluded that, based on the decision by the Supreme Court of Ohio in Hyle v.Porter, 117 Ohio St.3d 165, 2008-Ohio-542, R.C. 2950.034 could not be applied to appellee.
 {¶ 7} Appellant then filed this appeal, alleging as the sole assignment of error:
 THE TRIAL COURT ERRED IN RELYING ON HYLE v. PORTER, 117 Ohio St.3d 165, 2008-Ohio-542, TO DENY APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 8} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable *Page 4 
minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ. R. 56(C); State ex rel. Grady v. State Emp. RelationsBd., 78 Ohio St.3d 181, 183, 1997-Ohio-221. In this case, there were no disputed facts, and the trial court's judgment was made strictly as a matter of law.
 {¶ 9} Resolution of this case turns on the applicability ofHyle, supra, to the facts of appellee's case. Hyle involved an action seeking an injunction prohibiting Gerry R. Porter, Jr. from continuing to live within 1000 feet of a school. Porter had been found to be a sexually oriented offender based on convictions for sexual imposition in 1995 and sexual battery in 1999. Porter had owned and lived in the house in question since 1991. The issue was whether R.C. 2950.031 (now R.C. 2950.034) could be applied retroactively to Porter, since the offenses for which he was designated a sexually oriented offender had been committed prior to the statute's July 31, 2003 effective date, and Porter had been living in the house that was the subject of the injunction prior to that date.
 {¶ 10} The court first considered the application of the rules of statutory construction to R.C. 2950.031 — specifically, R.C. 1.48, which provides that, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." The court essentially broke the statute into two separate components — the designation of the person as a sex offender and the person's occupation of a house within 1000 feet of a school, and concluded that neither component had been made expressly retroactive.[1] Hyle, at ¶ 13. *Page 5 
 {¶ 11} With respect to the designation as a sex offender component of the statute, the court considered the argument that the use of both past and present verb tenses indicated the General Assembly's intent to have the statute apply to persons designated as sex offenders prior to the statute's enactment. The court rejected this argument, concluding that the use of the past tense was not sufficient to constitute a clear indication that the statute was intended to apply retroactively. Id. at ¶ 20.
 {¶ 12} The court then considered the argument that the occupation component would apply to persons who continued to occupy houses within 1000 feet of a school, even where the occupation of the house began prior to the statute's effective date. The court rejected this argument as well, concluding that that portion of the statute used language only in the present tense, and therefore did not express any intention that it would apply retroactively. Id. at ¶ 22. Having determined that the statute was not made specifically retroactive for purposes of R.C. 1.48, the court determined that it was not necessary to address the issue of whether the statute could constitutionally be applied retroactively. Id. at ¶ 24.
 {¶ 13} Appellant argues that Hyle does not apply to this case because by its terms, the decision only applies to persons who were both: (1) determined to be sexual offenders, and (2) occupied a house within 1000 feet of a school, prior to the July 31, 2003 effective date of the statutory provision. Appellant argues that since appellee was determined to be a sexual offender prior to the statute's effective date, but moved into the house at 1815 Lonsdale Road after July 31, 2003, the statute is only being applied prospectively to him. *Page 6 
 {¶ 14} In response, appellee points to two decisions by the Supreme Court of Ohio summarily reversing decisions by this court and by the Twelfth District Court of Appeals on the authority of Hyle. FranklinCty. Pros. Atty. v. Walker, 117 Ohio St.3d 537, 2008-Ohio-1589;State ex rel. White v. Billings, 117 Ohio St.3d 536, 2008-Ohio-1590.
 {¶ 15} In Walker, we addressed a situation in which the prosecuting attorney sought an injunction against an individual who had been determined to be a sexual offender and had occupied a house (owned by his parents) within 1000 feet of a school prior to July 31, 2003. After being informed by the prosecuting attorney that he could no longer live in his parents' house, Walker moved into a different house on the same street, but still within 1000 feet of a school. We concluded that: (1) the provision in R.C. 2950.031 regarding the sexual offender determination evidenced an intention by the General Assembly that it apply to persons determined to be sexual offenders prior to July 31, 2003; (2) the provision regarding occupation of a residence within 1000 feet of a school was not being applied retroactively to Walker, because he moved to a different house that was still within 1000 feet of a school after July 31, 2003; and (3) the provisions of R.C. 2950.031 were remedial in nature, and therefore could be applied retroactively to Walker without violating the constitution. Franklin Cty. Pros. Atty. v.Walker, 10th Dist. No. 07AP-165, 2007-Ohio-5995, ¶ 17-21. We thus affirmed the trial court's injunction against Walker. Id. at ¶ 24.
 {¶ 16} Similarly, in State ex rel. White v. Billings, 12th Dist. No. CA2006-09-072, 2007-Ohio-4356, the Twelfth District Court of Appeals was faced with an injunction action brought against an individual who had been determined to be a sexual offender prior to July 31, 2003, but who moved into a house that was within 1000 feet of a school after that *Page 7 
date. In that case, the court ultimately reached the same conclusion as we did in Walker in finding that the provision was intended to apply retroactively, and could be applied retroactively without violating the Constitution. Id.
 {¶ 17} Appellant argues that the Supreme Court's summary reversal ofWalker and Billings on the authority of Hyle has no precedential value, as the court did not provide any reasoning for the reversal, and thus cannot be taken as a rejection of the distinction between the facts ofHyle and the facts of Walker and Billings, in which the occupation of a residence within 1000 feet of a school occurred after July 31, 2003. Generally, when the Supreme Court reverses and remands cases without explanation, that reversal does not provide precedential effect on issues that were outside the case upon which the reversal was based. SeeState v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 9 (remands for resentencing after the court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, did not preclude consideration of whether sentencing errors could be forfeited by failure to object at sentencing, because the remand was silent as to the issue of forfeiture).
 {¶ 18} However, a reading of Hyle shows that the court's decision was not silent as to the issue presented here. The court separately considered the provision regarding the determination that a person is a sexual offender and the provision prohibiting a sexual offender from residing within 1000 feet of a school, and concluded that neither provision evidenced an intention by the General Assembly that it would have retroactive application. Thus, while appellant may be correct that the Hyle analysis regarding occupation of a residence within 1000 feet of a school does not apply to appellee because that portion of the statute is only being applied to him prospectively, the court's *Page 8 
analysis regarding the retroactive application of the statute to persons determined to be sexual offenders prior to July 31, 2003 would still apply.
 {¶ 19} Based on the Supreme Court's analysis in Hyle, R.C. 2950.034
cannot be applied to appellee, because appellee was determined to be a sexual offender prior to July 31, 2003. Because we are bound to follow the Supreme Court's decision in Hyle, we must affirm the trial court's decision. Any change to the Supreme Court's analysis regarding the application of R.C. 2950.034 to persons such as appellee must be made either by the Supreme Court issuing a decision that limits Hyle in the manner suggested by appellant, or by action of the General Assembly explicitly making R.C. 2950.034 retrospective, thus allowing the courts to consider whether retroactive application of the statute would comport with constitutional requirements.[2]
 {¶ 20} Accordingly, appellant's single assignment of error is overruled. Having overruled appellant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.
[1] As noted by the Supreme Court in Hyle, the terms "retrospective" and "retroactive" are used interchangeably for purposes of this analysis.
[2] Sub. S.B. 42, which has been passed by the Ohio Senate and is currently pending before the Ohio House of Representatives, would make R.C. 2950.034 specifically applicable to anyone determined to be a sexual offender, regardless of when the person committed the sexual offense, but would exclude its application to persons who establish occupancy within 1000 feet of a school, if the person or the person's spouse is the owner of record, and was the owner of record prior to July 31, 2003. *Page 1