O'BRIEN, Pros. Atty.,

v.

HILL.

Court of Common Pleas of Ohio,
Franklin County.

No. 10 CV 3066.

Decided May 20, 2011.

Ron O'Brien, Franklin County Prosecuting Attorney, and Nick A. Soulas Jr., Assistant Prosecuting Attorney, for plaintiff.

Douglas A. Funkhouser Co., L.P.A. and Douglas A. Funkhouser, for defendant.

---

HORTON, Judge.

{¶ 1} This motion is before the court upon defendant's motion for summary judgment filed on July 27, 2010. Plaintiff filed a memorandum contra on August 13, 2010. Defendant filed a reply on August 23, 2010. The motion is considered submitted to the court for decision pursuant to Loc.R. 21.01 and 57.01.

*Factual History*

{¶ 2} The facts of this case are not in dispute. Defendant, Mark A. Hill, has owned and resided in his home located at 1765 Gerrand Avenue in Columbus, Ohio, since November 21, 1994. From 1994 through 2007, Hill and his ex-spouse were the owners of record. Following his divorce in 2007, Hill became the full owner of record. On October 4, 2005, Hill was convicted of attempted unlawful sexual conduct with a minor. In the early fall of 2006, Metro Early College High School ("MECHS") opened within 1,000 feet of defendant's residence.

{¶ 3} The Ohio General Assembly passed R.C. 2950.031, effective July 23, 2003, which imposed residence restrictions upon convicted sexual offenders. R.C. 2950.031 was later codified as R.C. 2950.034, which became effective July 1, 2007. The only substantive change to R.C. 2950.034 was the inclusion of day-care centers and preschools. On February 26, 2010, Franklin County Prosecutor Ron O'Brien initiated this action seeking injunctive relief against Hill. The action is brought on grounds of R.C. 2950.034(A), which provides that a person who has pleaded guilty to a sexually oriented offense is prohibited from residing within 1,000 feet of any school premises.

*Procedural Considerations*

{¶ 4} Summary judgment is proper when the moving party demonstrates that (1) no genuine issues of material fact exist, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion

for summary judgment is made when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. In considering a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). When a party moves a court for summary judgment and supports its motion pursuant to Civ.R. 56, " 'an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response * * * must set forth specific facts showing that there is a genuine issue for trial.' " *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 65, 8 O.O.3d 73, 375 N.E.2d 46, quoting Civ. R. 56(E). When used as a procedural device "to terminate litigation and to avoid a formal trial," summary judgment must be awarded with caution. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 433 N.E.2d 615.

### *Application of Law*

{¶ 5} The issue before this court is whether the residency restriction in R.C. 2950.034 can be enforced against a defendant who established his residence before the effective date of the statute when he was convicted of a sexual offense after the effective date of the statute, and the school in question was established subsequently.

{¶ 6} The Supreme Court of Ohio has held that R.C. 2950.031 does not apply to an offender who bought his home and committed his offense before the effective date of the statute. *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, syllabus. The case turned upon whether R.C. 2950.031 could be applied retroactively. See id. The court essentially divided the statute into two separate components: (1) the designation of the person as a sex offender and (2) the person's occupation of the residence. *O'Brien v. Whalen*, Franklin App. No. 08AP–918, 2009-Ohio-1807, 2009 WL 1027179, ¶ 10, citing *Hyle* at ¶ 13.

{¶ 7} Regarding the designation of the defendant as a sex offender, the court considered and rejected the argument that past and present verb tenses indicated a clear intent by the General Assembly to have the statute apply retroactively to persons previously designated as sex offenders, on the grounds that a past tense verb was not enough to constitute a clear indication that the statute was intended to apply retroactively. Id. "[A]mbiguous language is not sufficient to overcome the presumption of prospective application" because "the absence of clear declaration * * * precludes the retrospective application of R.C. 2950.031." *Hyle*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶ 13, 19.

{¶ 8} Regarding a person's occupying a residence, the court considered and rejected the argument that the statute was being prospectively applied when the defendant was convicted of a sexual offense prior to the statute's effective date, yet continued to occupy the residence after the statute's effective date. *Whalen,* 2009-Ohio-1807, 2009 WL 1027179, ¶ 12, citing *Hyle* at ¶ 22. The court reasoned that because the statute's language operated in the present tense and not the past tense, any notion that the General Assembly intended the statute to apply retroactively was eradicated. Id. Moreover, the court noted that a finding that the General Assembly intended to apply R.C. 2950.034 retroactively would reverse the presumption of R.C. 1.48, which provides, "A statute is presumed to be prospective in its operation *unless expressly made retrospective.*" (Emphasis added). *Hyle,* 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶ 23.

{¶ 9} Hill contends that R.C. 2950.034 does not apply, because he established his residence before the effective date of the statute, even though he was convicted after the effective date of R.C. 2950.031. The facts are unlike those in *Hyle,* where the defendant established his residence and was convicted of a sexual offense prior to the effective date of the statute. *Hyle* at ¶ 3. Rather, this case is more analogous to the issue addressed in *Whalen,* in which the defendant was determined to be a sex offender before the statute's effective date, but established his residence after the effective date. *Whalen,* at 2009-Ohio-1807, 2009 WL 1027179, ¶ 4. The Tenth District Court of Appeals ultimately held for the appellee-defendant on the grounds that the residency restriction of R.C. 2950.034 could not be retroactively applied to a person who was convicted before the statute's effective date, even when he established his residence after the effective date of the statute.

{¶ 10} In addition, when faced with an analogous fact pattern, Ohio courts generally have prohibited the imposition of the residency restriction when the defendant was convicted before the statute's effective date and/or purchased or occupied his residency prior to the statute's effective date. In either scenario, the statute has been considered improperly applied retroactively. See *Nasal v. Burge,* 2d Dist. No. 08–CA–07, 2009-Ohio-1643, 2009 WL 903311; (finding for defendant who had been convicted of a sexual offense before the statute's effective date, but began occupying his residence after the statute's effective date, on grounds that the court's ruling in *Hyle* was not limited to acts committed or facts in existence before the statute's effective date); see also *Nasal v. Dover,* 169 Ohio App.3d 262, 2006-Ohio-5584, 862 N.E.2d 571, affirmed 117 Ohio St.3d 531, 2008-Ohio-1592, 885 N.E.2d 236 (finding for defendant who had owned his home before conviction of a sexual offense and before enactment of R.C. 2950.031).

{¶ 11} Furthermore, Hill argues that imposing the residency restriction in this case would not be good law, as there is the possibility of being repeatedly

uprooted and forced to abandon his home if a school, day-care center, or preschool opens near his residence. This would likely encourage neighbors to force an already established sex-offender resident out of his or her home by establishing a school, day-care center, or preschool on the street. A similar argument was raised in *State v. Candela*, 11th Dist. No. 2008–A–0068, 2009-Ohio-4096, 2009 WL 2488027, in which the defendant argued that he faced the possibility of being repeatedly uprooted if a school were established near his residence. Id. at ¶ 49. The court applied the holding from *Hyle* that "[the statute] does not apply to an offender who bought his home and committed his offense before the effective date of the statute." 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, syllabus. This court observes that although the defendant in *Candela* raised the argument of being repeatedly uprooted from his residence, he failed to show any actual deprivation of property rights. Without an indication in the record that defendant had purchased the residence prior to the enactment of the statute, the court could not find merit in defendant's argument. Id. at ¶ 51. As an owner of his home, Hill has fully vested property rights, and any challenges to his residency would subject him to continual involuntary moves that would uproot his residence and cause a substantial deprivation of his property rights.

{¶ 12} Plaintiff contends that R.C. 2950.034 is not retroactive, because R.C. 2950.031 became effective on July 31, 2003, and the only substantive change between the two statutes is the addition of day-care centers and preschools. Case law has consistently applied the original "effective date" of July 31, 2003, when the school in question does not involve a day-care center or preschool. *O'Brien v. Smith*, 10th Dist. No. 10AP–52, 2010-Ohio-3748, 2010 WL 3171441; see also *Whalen*, 2009-Ohio-1807, 2009 WL 1027179, ¶ 19; *Watkins v. Stevey*, 11th Dist. No. 2009–T–0022, 2009-Ohio-6854, 2009 WL 5064137. Plaintiff also contends that *Whalen* does not apply because the facts are not similar to those in this case; therefore, the court must find the residential restriction prospective in nature. Plaintiff essentially argues that the statute will be applied prospectively as to Hill's future occupancy rights. Plaintiff contends that Hill does not have to sell his home; he simply cannot reside there. Plaintiff states that Hill may rent out his home.

{¶ 13} Hill claims that according to the court's rationale in *Hyle*, the application of the residency restriction would constitute an unconstitutional taking of his property because there is an inalienable right to live in your home that is recognized by the United States Constitution. While this court is not opining upon the constitutional issues raised by Hill, courts have recognized that property rights are broader than mere ownership, but encompass a "bundle of ownership rights." *State v. Mutter*, 171 Ohio App.3d 563, 2007-Ohio-1052, 871

N.E.2d 1264, ¶ 20. In *Mutter*, the state argued that the fundamental right of property includes only the right of ownership, not the right to occupy residential property. Id., ¶ 17, *citing Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115. However, the court rejected the state's position on grounds that the constitution protects more than a mere right of ownership, but also the right to use and enjoy the land. *Mutter* at ¶ 20. Other courts have also rejected this narrow interpretation and stated that "[t]he rights related to property, *i.e.*, to acquire, *use, enjoy,* and dispose of property * * * are among the most revered in our law and traditions." (Emphasis added.) *Norwood* at ¶ 34, 38, citing *Buchanan v. Warley* (1917), 245 U.S. 60, 74, 38 S.Ct. 16, 62 L.Ed. 149. Therefore, this right includes the right to reside in residential property. *Mutter* at ¶ 17.

{¶ 14} In the case at bar, the parties are in agreement as to the facts. This court finds that there is no genuine issue of material fact; therefore, summary judgment in this case is proper. To enforce the residency restriction imposed by R.C. 2950.031 upon a defendant who has established his residence before the statute's effective date, but was convicted after the effective date and before the school was established, runs afoul of the Supreme Court of Ohio's ruling in *Hyle* and its progeny. While this court may agree that a convicted sex offender should not be permitted to reside within 1,000 feet of a school, courts must enforce this rule in accordance with the law.

{¶ 15} Consequently, if a defendant is able to continue to remain in his home when he established his residence after the effective date of the statute, but was convicted before the effective date, then it follows that the residency restriction should not be applied retroactively to a contrary fact pattern. In the current case, Hill purchased his home nine years before the effective date of R.C. 2950.031. He was convicted of the sex offense in October 2005, after the effective date of R.C. 2950.031. R.C. 2950.034 became effective July 1, 2007. This court finds that the residency restriction of R.C. 2950.034 cannot be retroactively applied to evict Hill from his residence.

{¶ 16} Furthermore, Hill has shown that there would be deprivation of his property rights to his current residence if the residency restriction were applied, leading to the encouragement of neighbors to establish a school, day-care center, or preschool near an offender's residence. Moreover, even though allowing the residency restriction may not infringe upon Hill's ownership rights to his residence, it would infringe upon his fundamental right to use and enjoy the property. Application of R.C. 2950.031 is appropriate regarding persons who are convicted of a sex offense and establish residency after the effective statute date. Prohibiting Hill from residing in his home would lead to a slippery slope, barring a person's vested property rights. The Tenth District Court of Appeals has

made it clear that any change to the lack of retroactivity by R.C. 2950.034 must be made by the General Assembly.[1]  Therefore, when the evidence is construed in a light most favorable to the nonmoving party, this court finds that defendant's motion for summary judgment is well taken and is hereby granted.

So ordered.

------

1.  It is important to note that pursuant to the proposed amendment to R.C. 2950.034 (S.B. No. 42), the statute will apply to any offender regardless of the conviction, but still excludes offenders who are owners of record prior to July 31, 2003.  Therefore, even under the proposal, defendants like Hill would still be excluded from the statute's residency restriction.