JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant John F. Brownlee, Jr. (appellant) appeals the court's granting an injunction prohibiting him from residing within 1,000 feet of a school. After reviewing the facts of the case and pertinent law, we reverse the court's ruling and order the injunction vacated.
 I. {¶ 2} On June 26, 2003, appellant pled guilty to various sexual offenses stemming from Internet communications with an undercover police officer posing as a 13-year-old girl. The court determined appellant to be a sexually oriented offender and sentenced him to five years community control sanctions.
 {¶ 3} On July 31, 2003, the Ohio legislature enacted former R.C.2950.031, now R.C. 2950.034, which prohibits a sex offender from residing within 1,000 feet of a school.
 {¶ 4} On July 21, 2006, the City of Middleburg Heights (the City) filed a complaint alleging that appellant was violating R.C. 2950.031 by residing in his home at 14761 Timber Lane, which allegedly is located within 1,000 feet of St. Bartholomew School. Appellant purchased this home in 1972 and has been living there ever since. On May 17, 2007, the court granted the City's summary judgment motion and ordered appellant to vacate his residence.
 II. *Page 4 {¶ 5} In his first assignment of error, appellant argues that "the trial court erred by deciding that R.C. 2950.031 is not unconstitutional when applied to this defendant." Specifically, appellant argues that it is unconstitutional for this statute to be applied to him retroactively.
 {¶ 6} The Ohio Supreme Court recently addressed this issue in Hylev. Porter, 117 Ohio St.3d 165, 2008-Ohio-542. The Hyle court held that "R.C. 2950.031 does not apply to an offender who bought his home and committed his offense before the effective date of the statute." Id. at T|2. The court further explained its reasoning as follows:
 "On review of the text of R.C. 2950.031, we find that neither the description of convicted sex offenders nor the description of prohibited acts includes a clear declaration of retroactivity. Although we acknowledge that the language of R.C. 2950.031 is ambiguous regarding its prospective or retroactive application, we emphasize that ambiguous language is not sufficient to overcome the presumption of prospective application. The language in R.C. 2950.031 presents at best a suggestion of retroactivity, which is not sufficient to establish that a statute applies retroactively.
 * * *
 "The text of R.C. 2950.031 * * * does not feature a clear declaration of retroactivity in either its description of convicted sex offenders or its description of prohibited acts. The statute does not proclaim its applicability to acts committed or facts in existence prior to the effective date of the statute or otherwise declare its retroactive application." Id. at Iflf 13, 19.
 {¶ 7} In the instant case, appellant bought his home in 1972; he committed the offensive acts in February and March 2003; and the statute's effective date is July 31, *Page 5 
2003. Accordingly, the court erred when it applied R.C. 2950.031 to appellant, and his first assignment of error is sustained. Appellant's remaining assignment of error is declared moot pursuant to App.R. 12(A)(1)(c).
 {¶ 8} The lower court's ruling in the instant case is reversed and the injunction is vacated.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR *Page 1