JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Donald A. Silvis (Silvis) appeals the judgment of the trial court granting an injunction prohibiting him from living within one thousand feet of a school pursuant to R.C. 2950.031.[1] Silvis appealed and asserted four assignments of error for our review. The City of Parma (Parma), in a filing separate from and in addition to its brief, conceded that R.C. 2950.031 cannot be applied retroactively to Silvis. For the following reasons, we reverse and vacate the injunction.
ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court was wrong to order Mr. Silvis from his home because enforcing R.C. 2950.034
against offenders convicted before its enactment violates Ohio's constitutional prohibition on retroactive laws by restricting Mr. Silvis' fundamental right to acquire, use, and enjoy property. (Tr. II, 87, 116-17; Proposed Motion for Summary Judgment, p. 10-12.)"
 {¶ 2} Silvis argues that enforcing R.C. 2950.031 against him violates Ohio's constitutional prohibition against retroactive laws. On May 9, 2008, Parma filed a notice concerning Silvis' second assignment of error and conceded that R.C. 2950.031 is inapplicable to Silvis because it is not intended to apply retroactively.
 {¶ 3} The Supreme Court of Ohio, in Hyle v. Porter,117 Ohio St.3d 165, 2008-Ohio-542, held: *Page 4 
 "We hold that because R.C. 2950.031 was not expressly made retroactive, it does not apply to an offender who bought his home and committed his offense before the effective date of the statute."
The Hyle court noted that pursuant to R.C. 1.48: "if the statute is silent on the question of its retroactive application, we must apply it prospectively only." Id. at 167.
 "On review of the text of R.C. 2950.031, we find that neither the description of convicted sex offenders nor the description of prohibited acts includes a clear declaration of retroactivity. Although we acknowledge that the language of R.C. 2950.031 is ambiguous regarding its prospective or retroactive application, we emphasize that ambiguous language it not sufficient to overcome the presumption of prospective application. The language in R.C. 2950.031 presents at best a suggestion of retroactivity, which is not sufficient to establish that a statute applies retroactively. * * * The statute does not proclaim its applicability to acts committed or facts in existence prior to the effective date of the statute or otherwise declare its retroactive application." Id. at 168-169.
We recently followed Hyle in Middleburg Heights v. Brownlee, Cuyahoga App. No. 89990, 2008-Ohio-2036.
 {¶ 4} In applying the law to the facts of this case, we find that Silvis was convicted in 1989 and R.C. 2950.031 was enacted in 2003. Thus, R.C. 2950.031 cannot be applied retroactively to Silvis.
 {¶ 5} In light of Parma's concession on this issue, and in light ofHyle and Middleburg Heights, we need not address the constitutionality of R.C. 2950.031.
Silvis' second assignment of error is sustained.
 ASSIGNMENT OF ERROR NUMBER ONE *Page 5 
 "The trial court was wrong to order Mr. Silvis from his home because enforcing R.C. 2950.034
against offenders convicted and released prior to its enactment violates the federal prohibition against ex post facto laws as held in Mikaloff v. Walsh (N.D. Ohio Sept. 4, 2007), 2007 U.D. Dist. LEXIS 65076 (Tr. II, 69, 87, 116-17; Proposed Motion for Summary Judgment, p. 12-22.)"
 {¶ 6} In light of our ruling on Silvis' second assignment of error, we need not address his argument that R.C. 2950.031 violates the federal constitutional prohibition against ex post facto laws. Thus, Silvis' first assignment of error is moot.
ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court was wrong to order Mr. Silvis from his home because enforcing R.C. 2950.034
without providing just compensation for his loss amounts to unconstitutional taking under the federal and state constitutions. (Tr. II, 43-44, 69, 122-23, 129-42; Proposed Motion for Summary Judgment, p. 22-26.)"
 {¶ 7} In light of our ruling on Sivlis' second assignment of error, we need not address his argument that enforcement of R.C. 2950.031 amounts to an unconstitutional taking. Silvis' third assignment of error is moot.
ASSIGNMENT OF ERROR NUMBER FOUR
 "The trial court erred in determining that, for purposes of enforcing R.C. 2950.034, the distance from an offender's home to a school should be measured `as the crow flies' rather than along the shortest reasonably *Page 6 
navigable path. (Tr. II, 48-49, 69-85; Proposed Motion for Summary Judgment, p. 2-6.)"
 {¶ 8} In light of our ruling on Silvis' second assignment of error, Silvis' fourth assignment of error is moot.
Judgment reversed and injunction vacated.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] Effective July 31, 2003, the Ohio General Assembly amended and recodified R.C. 2950.031 (currently, R.C. 2950.034) restricting sexually oriented offenders from residing within one thousand feet of a school. We refer to R.C. 2950.031 herein. *Page 1