[Cite as *Summit Cty. Prosecutor v. Harrison*, 2011-Ohio-2768.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| SUMMIT COUNTY PROSECUTOR | C.A. No. 25720 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM HARRISON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CV 2010 02 1093 |

DECISION AND JOURNAL ENTRY

Dated: June 8, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, William Harrison, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Plaintiff-Appellee, the Summit County Prosecutor. This Court reverses.

I

{¶2} On June 28, 2004, Harrison pleaded guilty to unlawful sexual conduct with a minor related to events that occurred in January 2004. The trial court determined that Harrison was a sexually oriented offender and ordered that he register as such in accordance with the terms established under R.C. 2950.031. He was also informed at the time that he "shall not establish a residence or occupy residential premises within one thousand feet (1,000) of any school premises[.]"

{¶3} On February 18, 2010, the Summit County Prosecutor filed a complaint in which she averred that Harrison was presently residing at 2147 17th Street, SW in Akron, Ohio, which

is located within one thousand feet of Kenmore High School. Accordingly, she sought to enjoin Harrison from residing at that location. Harrison answered and, following an initial hearing in the matter, the Summit County Prosecutor filed a motion for summary judgment. Harrison filed a response in opposition to the motion, alleging that the provision the prosecutor was seeking to act under was not in effect at the time of his sentencing and could not be applied to him retroactively. The Summit County Prosecutor did not file a reply.

{¶4}  On November 9, 2010, the trial court granted the Summit County Prosecutor's motion for summary judgment enjoining Harrison from residing at 2147 17th Street, SW, in Akron, Ohio or from occupying any other residence within one thousand feet of a school. Harrison appealed from the trial court's judgment and asserts one assignment of error for our review.

II

Assignment of Error

"JUDGE'S DECISION FOR SUMMARY JUDGMENT BASED ON THE FINDINGS OF FRANKLIN COUNTY PROSECUTING ATTORNEY RON O'BRIEN V. SMITH WERE (sic) IN ERROR UPON CONSIDERATION OF THE DIFFERING TIME LINES OF THAT CASE AND THE CASE AT HAND."

{¶5}  In his sole assignment of error, Harrison argues that the trial court erred in granting the Summit County Prosecutor's motion for summary judgment. We agree.

{¶6}  An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12. Summary judgment is proper under Civ.R. 56(C) if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support its motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293; Civ.R. 56(E).

{¶7} In her summary judgment motion, the Summit County Prosecutor alleges that, as a sexually oriented offender, Harrison is prohibited from residing within one thousand feet of a school or school premises. The Summit County Prosecutor attaches a copy of Harrison's sentencing entry, in addition to a sworn affidavit from Jamie Hollimion who attests that, as an officer at the Summit County Sherriff's Sex Offender Registration and Notification Unit ("SORN"), she is familiar with Harrison's registration requirements. She further avers that SORN's records indicate that Harrison is residing at 2147 17th Street, SW, in Akron, which is within one thousand feet of Kenmore High School, located at 2140 13th Street, SW.

{¶8} In his response, Harrison does not dispute any of the foregoing facts. Instead, he argues that at the time he was convicted, R.C. 2950.031 did not include a provision allowing a county prosecutor to pursue injunctive relief against sexually oriented offenders and that the statute, as amended to now include such authority, cannot be applied retroactively. Harrison argues that the Supreme Court's decision in *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, supports his assertion. We disagree.

{¶9} *Hyle* dealt with an offender, Gerry R. Porter, Jr., who had been convicted for sexual imposition in 1995 and sexual battery in 1999, well before the residency restrictions of R.C. 2950.031 were initially enacted in July 2003. *Hyle* at ¶4. See, also, 2003 Am.Sub.S.B.No. 5, 150 Ohio Laws, Part IV, 6658. Porter challenged the trial court's decision to enjoin him from continuing to live within one thousand feet of a school, despite owning and having lived in that residence with his wife since 1991, also well before the statute was enacted. Based on this timeline, Porter argued that the provisions of R.C. 2950.031 could not be applied to him retroactively. The Supreme Court agreed, concluding that "[b]ecause R.C. 2950.031 was not expressly made retrospective, it does not apply to an offender who bought his home and committed his offense before the effective date of the statute." *Hyle* at syllabus. Unlike Porter, however, the original version of R.C. 2950.031, effective July 31, 2003, was in place when Harrison was convicted of his offenses in June 2004. Thus, *Hyle* is not controlling in this case.

{¶10} Harrison accurately notes, however, that, although the residency restrictions were in place at the time he committed his offense, the enforcement mechanism being pursued in this case was not. Though the ability to seek injunctive relief for a violation of the residency requirements for offenders was available in July 2003 under the terms of R.C. 2950.031, that provision only allowed for "[a]n owner or lessee of real property that is located within one thousand feet of any school premises" to pursue such an action. After Harrison's conviction in June 2004, the statute was amended, effective April 29, 2005, to grant this same authority to others, including "the prosecuting attorney, village solicitor, city or township director of law, [and] similar chief legal officer of a municipal corporation or township[.]" Amended R.C. 2950.031, 2004 Am.Sub.H.B.No. 473, 150 Ohio Laws, Part IV, 5814. Consequently, Harrison argues that the provision granting the prosecutor such enforcement powers cannot be applied to

him retroactively. The Summit County Prosecutor did not file a reply brief in the trial court responding to this argument, nor has she filed a brief with this Court in response to Harrison's appeal.

{¶11} The trial court granted summary judgment in favor of the Summit County Prosecutor on the authority of *Franklin Cty. Prosecuting Attorney O'Brien v. Smith*, 10th Dist. No. 10AP-52, 2010-Ohio-3748. In that case, the Tenth District rejected Smith's argument that the county prosecutor could not enjoin him from residing within one thousand feet of a school premises under the retroactive authority of R.C. 2950.034. *O'Brien* at ¶12-13. Much like this case, Smith did not contest that he was convicted of a sexually oriented offense and that he lived within one thousand feet of an elementary school. Id. at ¶10. Instead, Smith argued that R.C. 2950.034, which is an amended and recodified version of R.C. 2950.031 that became effective July 1, 2007, could not be retroactively applied to him under the authority set forth in *Hyle*, because his conviction occurred in February 2006. Id. The court noted, however, that "at the time of [Smith's] sexually oriented offense, not only was a residency restriction in place barring persons convicted of a sexually oriented offense from living within 1,000 feet of a school [under former R.C. 2950.031], but the prosecuting attorney was given authority to enforce the statutory provisions." Id. at ¶11. The court further noted that "[t]he only difference" in the residency restrictions between the time of Smith's conviction and filing of the prosecutor's complaint was that the language of R.C. 2950.034 now added a provision restricting a sexually oriented offender from residing within one thousand feet of a daycare facility or a preschool, too. Id. Compare R.C. 2950.034 to former R.C. 2950.031. Therefore, the Tenth District concluded that "[t]he amendments to the residency restrictions *** did not and do not affect the existing residency restrictions [or enforcement powers] that applied to [Smith] at the time of his offense."

Id. at ¶12. Despite the trial court's conclusion that Harrison's case is analogous to *O'Brien*, it is not. Unlike *O'Brien*, the residency restrictions in place at the time Harrison committed his offenses and was convicted allowed only those who "owne[d] or le[ased] [] real property *** located within one thousand feet of any school premises" to seek injunctive relief; the statute at that point in time did not allow the county prosecutor to pursue a cause of action, as is being done here. Former R.C. 2950.031(B).

{¶12} Again, we note that the Summit County Prosecutor has been silent on this issue since it was raised by Harrison, as she did not reply to his response to summary judgment in which he challenged the retroactivity of her enforcement powers, nor has she filed an appellate brief with this Court. The trial court, too, failed to analyze the retroactive application of the enforcement powers contained in the April 2005 amendments to former R.C. 2950.031 to Harrison's June 2004 conviction. See, e.g., *Watkins v. Stevey*, 11th Dist. No. 2009-T-0022, 2009-Ohio-6854, at ¶14-30 (analyzing cases and considering, in light of *Hyle*, a challenge to the retroactivity of former R.C. 2950.031 relative to a person who was a sexually oriented offender, but did not own the residence in which he was living). Consequently, this Court will not address this issue in the first instance. See, e.g., *Beck v. Sprik*, 9th Dist. No. 07CA0105-M, 2008-Ohio-3197, at ¶11-15 (declining to make a statutory determination on child-custody jurisdiction when the trial court had not initially analyzed this issue).

{¶13} While there are no genuine issues of material fact remaining here, this Court cannot conclude, based on the authority cited by the trial court, that the Summit County Prosecutor is entitled to judgment as a matter of law. Accordingly, Harrison's sole assignment of error is sustained.

## III

**{¶14}** Harrison's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

WILLIAM HARRISON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, Appellee.