O'BRIEN, Pros. Atty., Appellant,

v.

HILL, Appellee.

[Cite as *O'Brien v. Hill*, 197 Ohio App.3d 14, 2012-Ohio-774.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 11AP–542.

Decided Feb. 28, 2012.

Ron O'Brien, Franklin County Prosecuting Attorney, and Nick A. Soulas Jr., Assistant Prosecuting Attorney, for appellant.

Douglas A. Funkhouser Co., L.P.A., and Douglas A. Funkhouser, for appellee.

SADLER, Judge.

{¶ 1} Plaintiff-appellant, Franklin County Prosecutor Ron O'Brien, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Mark A. Hill. Because appellee was not entitled to summary judgment, we reverse the judgment of the trial court and remand this matter for further proceedings.

{¶ 2} The facts giving rise to this litigation are essentially undisputed. Since November 21, 1994, appellee has resided in the home he owns at 1765 Gerrand Avenue in Columbus, Ohio. On October 4, 2005, pursuant to his guilty plea, appellee was convicted in Butler County, Ohio, of one count of attempted unlawful conduct with a minor. Also on this date, appellee was found to be a sexually oriented offender. In the fall of 2006, Metro Early College High School ("MECHS") opened within 1,000 feet of appellee's home.

{¶ 3} Pursuant to R.C. 2950.034(A), which prohibits a person who has been convicted of or pleaded guilty to a sexually oriented offense that is not a registration-exempt offense from residing within 1,000 feet of any school premises, appellant filed a complaint alleging appellee was in violation of the statutory provision. In the complaint, appellant sought preliminary and permanent injunctive relief to preclude appellee from residing within 1,000 feet of MECHS.

{¶ 4} Appellee moved for summary judgment, pursuant to Civ.R. 56, arguing that R.C. 2950.034 cannot be applied to him because he began residing in his home at 1765 Gerrand Avenue prior to the enactment of the statute. Upon conclusion of the briefing, the trial court rendered a decision granting appellee's motion for summary judgment. The trial court held that to enforce the residency restrictions contained in R.C. Chapter 2950 upon a defendant who was convicted after the statute's effective date, but who established residency prior to the statute's effective date and prior to the establishment of the school, runs afoul of

the Supreme Court of Ohio's decision in *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, and its progeny. Alternatively, the trial court held that application of R.C. 2950.034's residency restrictions would infringe upon appellee's fundamental right to use and enjoy the property.

{¶ 5} This appeal followed, and appellant brings the following assignment of error for our review:

> The trial court erred in granting Defendant–Appellee's Motion for Summary Judgment as Appellee failed to establish that he was entitled to judgment as a matter of law as R.C. 2950.034 applied to Appellee in that he committed his offense *after* the effective date of R.C. 2950.034.

(Emphasis sic.)

{¶ 6} We review the trial court's grant of summary judgment de novo. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 654 N.E.2d 1327 (9th Dist.1995). Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 677 N.E.2d 343 (1997).

{¶ 7} Under summary-judgment motion practice, the moving party bears an initial burden to inform the trial court of the basis for its motion and to point to portions of the record that indicate that there are no genuine issues of material fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party has met its initial burden, the nonmoving party must produce competent evidence establishing the existence of a genuine issue for trial. *Id.*

{¶ 8} For the sake of completeness, we take this opportunity to set forth the statutory history of the residency restrictions that apply to sexual offenders. Through the enactment of R.C. 2950.031, the General Assembly imposed residency restrictions on certain sexually oriented offenders. These initial residency restrictions became effective on July 31, 2003, and provided that "[n]o person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to either a sexually oriented offense that is not a registration-exempt sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises." Former R.C. 2950.031(A). At that time, the statute also provided that "[a]n owner or lessee of real property that is located within one thousand feet of any school premises has a cause of action for injunctive relief against a person who violates division (A) of this section by establishing a residence or occupying

residential premises within one thousand feet of those school premises." Former R.C. 2950.031(B).

{¶ 9} On April 29, 2005, the General Assembly amended R.C. 2950.031. This amendment allowed not only owners and lessees, but also "the prosecuting attorney, village solicitor, city or township director of law, similar chief legal officer of a municipal corporation or township, or official designated as a prosecutor in a municipal corporation that has jurisdiction over the place at which the person establishes the residence or occupies the residential premises in question," to enforce the statute's provisions through a cause of action for injunctive relief. Former R.C. 2950.031(B).

{¶ 10} Two years later, the General Assembly enacted Senate Bill 10, Ohio's version of the federal Adam Walsh Act, and amended R.C. Chapter 2950. At this time, R.C. 2950.031 was recodified as R.C. 2950.034 and the reach of the 1,000–foot residency restriction was expanded to include daycare and preschool centers. As effective July 1, 2007, R.C. 2950.034 currently provides:

(A) No person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense shall establish a residence or occupy residential premises within one thousand feet of any school premises or preschool or child day-care center premises.

(B) If a person to whom division (A) of this section applies violates division (A) of this section by establishing a residence or occupying residential premises within one thousand feet of any school premises or preschool or child day-care center premises, an owner or lessee of real property that is located within one thousand feet of those school premises or preschool or child day-care center premises, or the prosecuting attorney, village solicitor, city or township director of law, similar chief legal officer of a municipal corporation or township, or official designated as a prosecutor in a municipal corporation that has jurisdiction over the place at which the person establishes the residence or occupies the residential premises in question, has a cause of action for injunctive relief against the person. The plaintiff shall not be required to prove irreparable harm in order to obtain the relief.

{¶ 11} The parties agree that this matter does not concern a preschool or daycare center, but, rather concerns MECHS, which is a school as it is and has been defined in the statute since its initial enactment on July 31, 2003. Additionally, the parties do not dispute that appellee was convicted of a sexually oriented offense and that he resides within 1,000 feet of MECHS. The controversy herein concerns whether R.C. 2950.034 is applicable to appellee notwithstanding those undisputed facts. Appellant contends that the trial court erred in concluding that R.C. 2950.034 could not be applied to appellee. To the contrary, appellee

contends that because he established residency prior to the effective date of the current version of R.C. 2950.034, the trial court was correct in finding that R.C. 2950.034 could not be retroactively applied to him.

{¶ 12} We first review the trial court's holding that application of the residency restrictions to appellee would infringe upon his fundamental right to use and enjoy the property. We, and other Ohio appellate courts, have consistently rejected such an argument.

{¶ 13} In *State ex rel. O'Brien v. Heimlich*, 10th Dist. No. 08AP–521, 2009-Ohio-1550, 2009 WL 840654, the defendant argued that the residency restrictions of former R.C. 2950.031 impaired his fundamental "right to property" and his fundamental right to "live where he wishes." *Id.* at ¶ 26. This court rejected both contentions. First, we stated:

> [A]lthough former R.C. 2950.031(A) prohibits appellant from residing within 1,000 feet of a school premises, the statute does not preclude him from owning, renting, or leasing a home within 1,000 feet of a school premises. Sexually oriented offenders are simply precluded from living within 1,000 feet of a school premises. Accordingly, the statute does not impair appellant's substantive property rights as enumerated in the Ohio Constitution.

*Id.* at ¶ 31.

{¶ 14} Secondly, while recognizing that the freedom to live where one wishes is of utmost importance, we concluded that it "is not a fundamental interest entitled to the highest constitutional protection." *Id.* at ¶ 32. Finding that the right to live where one wishes is not a fundamental right under the federal or state Constitutions that requires strict scrutiny, we concluded that the defendant's interest in living where he wishes is entitled to rational-basis review. After analysis, we stated that "[t]he residency restriction in former R.C. 2950.031(A) clearly bears a rational relationship to the state's legitimate interest in protecting children from identified sexually oriented offenders." *Id.* at ¶ 39. *See also O'Brien v. McGraw*, 10th Dist. No. 10AP–1198, 2011-Ohio-3826, 2011 WL 3359660 (Ohio law is clear there is no fundamental right violated by the residency restrictions contained in R.C. 2950.034); *State v. Haines*, 2d Dist. No. 23222, 2010-Ohio-1123, 2010 WL 1041446 (rejecting the assertion that the residency restrictions of R.C. 2950.034 impose an unconstitutional restraint and infringe on a fundamental right). Thus, we must conclude that the trial court erred in finding that application of the residency restrictions contained in R.C. 2950.034 infringes upon appellee's fundamental right to use and enjoy the property.

■ {¶ 15} The trial court also concluded that applying R.C. 2950.034's residency restrictions to appellee runs afoul of the Supreme Court of Ohio's decision in *Hyle*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899. In *Hyle*, the

defendant was convicted of a sexually oriented offense in 1995 and in 1999 and was residing in a house that he had owned since 1991. All of the dates at issue in *Hyle* preceded the initial enactment of R.C. 2950.031's residency restrictions in 2003. After the enactment of the residency restrictions, an action was initiated against the defendant asserting that he was in violation of R.C. 2950.031 because he was residing within 1,000 feet of a school. Based on the timeline of events at issue in that case, the defendant argued that R.C. 2950.031 could not be retroactively applied to him. The Supreme Court of Ohio agreed and held that because "R.C. 2950.031 was not expressly made retrospective, it does not apply to an offender who bought his home *and* committed his offense before the effective date of the statute." (Emphasis added.) *Hyle* at syllabus.

{¶ 16} *Hyle* has since been expanded to offenders whose commission of an offense predated the enactment of the residency restrictions, but purchase of a home within the restricted zone postdated their enactment. In *O'Brien v. Whalen,* 10th Dist. No. 08AP–918, 2009-Ohio-1807, 2009 WL 1027179, the defendant was convicted in 2001 of two counts of corruption of a minor, and in June 2005, he purchased a home within 1,000 feet of a school. In 2007, the prosecuting attorney filed an action, pursuant to R.C. 2950.034, seeking to enjoin the defendant from continuing to reside there. This court held that R.C. 2950.034's residency restrictions could not be applied to the defendant because he committed his offenses prior to the initial enactment date of the residency restrictions on July 31, 2003.

{¶ 17} Additionally, this court has held that the statutory amendments are of no consequence with respect to offenders who committed a sexual offense after July 31, 2003, because the amendments had no effect on the existing residency restrictions that applied to offenders at the time the offenses were committed. *O'Brien v. Smith,* 10th Dist. No. 10AP–52, 2010-Ohio-3748, 2010 WL 3171441. The defendant in *Smith* was convicted of sexual battery on February 8, 2006. Though the *Smith* decision is silent as to when the defendant established residency, the defendant was alleged to be residing within 1,000 feet of a school in violation of R.C. 2950.034. The defendant argued that applying R.C. 2950.034 to him was contrary to *Hyle* because the current version of the statute was not in effect until July 1, 2007, and he was convicted prior to that date. Rejecting the defendant's argument, this court noted that even though the most recent version of the residency restrictions was not in effect until July 1, 2007, R.C. 2950.031, which prohibited sex offenders from residing within 1,000 feet of a school, went into effect on July 31, 2003. Because the prohibition of sexual offenders residing within 1,000 feet of a school was in effect at the time the defendant committed his offenses, we held that the residency restrictions contained in the recodified section of R.C. 2950.034 were applicable to the defendant.

{¶ 18} In the case sub judice, appellee contends, and the trial court agreed, that R.C. 2950.034 cannot be retroactively applied to him. However, appellee contends that this is so not because he committed offenses prior to the enactment of the residency restrictions, but because he owned the home in which he currently resides prior to the residency restrictions' enactment. According to appellant, this contention is incorrect because the statute is not being applied retroactively, but rather is being applied prospectively.

{¶ 19} Indeed the Supreme Court of Ohio in *Hyle* proclaimed that neither the description of convicted sex offenders nor the description of prohibited acts includes a clear declaration of retroactivity. *Hyle* at ¶ 13. It is axiomatic that "[i]f there is no ' "clear indication of retroactive application, then the statute may *only* apply to cases which arise subsequent to its enactment." ' " (Emphasis sic.) *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 10, quoting *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 106, 522 N.E.2d 489 (1988), quoting *Kiser v. Coleman*, 28 Ohio St.3d 259, 262, 503 N.E.2d 753 (1986).

{¶ 20} The scenario that this case presents is one that has arisen *subsequent* to the enactment of the residency restrictions that are sought to be applied to appellee. While appellee may have purchased his home in 1991, the prohibited act, i.e., being a sexual offender and residing within 1,000 feet of a school, did not arise until the latter half of 2006. The prohibited act is not simply establishing a residence or occupying residential premises, but doing so as a sexual offender and within 1,000 feet of a school. This circumstance arose in 2006, which is subsequent to the time the residency restrictions went into effect on July 31, 2003. Thus, we cannot conclude that the residency restrictions of R.C. 2950.034 are being applied retrospectively or, put another way, to facts that arose prior to their existence.

{¶ 21} Furthermore, while it is the conviction of a sexually oriented offense that triggers the application of the residency restrictions, they could not exist without the underlying offense. The residency restrictions are not punishing past conduct if the offense occurred after the residency restrictions' enactment. Application of R.C. 2950.034 to a person who commits a sexually oriented offense after the residency restrictions' effective date, while taking away one's choice of where to live, is doing so prospectively, much like a person's liberty may be taken away for a statutorily proscribed period of time after one is convicted of an offense. Though one may question the fairness of the idea that this case came into existence because a school moved locations rather than the offender, we are reminded that the power to amend the statutory language, if it is so desired, is expressly reserved to the legislature. Ohio Constitution, Article II, Section 1.

{¶ 22} Our inquiry, however, is not at an end. We have found that the trial court erred in concluding that application of R.C. 2950.034's residency restrictions

upon appellee infringes upon a fundamental right. We have also found that the trial court erred in concluding that application of R.C. 2950.034's residency restrictions upon appellee based solely on the date on which appellee established his residency was in error. Nonetheless, we are required to remand this matter because necessary evidence is missing from the record before us that prevents us from determining the outcome of this matter.

{¶ 23} As noted previously, the extensions of *Hyle* have been to offenders who committed the sexually oriented offense prior to the initial enactment of the residency restrictions regardless of when they established residency. *Whalen,* 2009-Ohio-1807, 2009 WL 1027179; *Watkins v. Stevey,* 11th Dist. No. 2009–T–0022, 2009-Ohio-6854, 2009 WL 5064137. Also, *Hyle* has not been extended to offenders who, at the time they committed the sexually oriented offense, were subject to a residency restriction that gave the prosecuting attorney authority to enforce the statutory provisions. *Smith* at ¶ 11. *Summit Cty. Prosecutor v. Harrison,* 9th Dist. No. 25720, 2011-Ohio-2768, 2011 WL 2360204 (remand for determination of whether R.C. 2950.031's amendments could be applied to an offender who committed sexual offenses in 2004).

{¶ 24} In the case before us, the record reflects an October 4, 2005 conviction for a sexually oriented offense; however, the date the offense was committed does not appear in the record as it exists before us. The date appellee committed the underlying offense is germane to determining the applicable law and its applicability to appellant. *Walls,* 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829 (the date of the offense is the governing date when assessing when a given statute is retroactive). In cases where the date of conviction predated the enactment of residency restrictions, the date the offenses were committed was not essential because in those instances the offenses had to have been committed prior the residency restrictions' enactment. Here, while the conviction date postdates the residency restrictions' enactment, we will not assume that the date the offenses were committed does so as well. Because this fact is not contained in the record, we must conclude that not only did the trial court err in making a determination that appellee was entitled to judgment as a matter of law, but also we must remand this matter for further proceedings.

{¶ 25} For all of the foregoing reasons, we conclude that the trial court erred in granting judgment as a matter of law in appellee's favor and sustain appellant's single assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is hereby reversed, and this matter is remanded to that court for further proceedings.

Judgment reversed
and cause remanded.

BROWN and CONNOR, JJ., concur.