**[Cite as *State v. Hancock*, 2012-Ohio-1435.]**

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO                          :
                                       :        Appellate Case No. 24653
    Plaintiff-Appellee          :
                                       :        Trial Court Case No. 2009-CR-3702
v.                                     :
                                       :        (Criminal Appeal from
ZERRICK E. HANCOCK                     :         Common Pleas Court)
                                       :
    Defendant-Appellant     :
                                       :
. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of March, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARK A. DETERS, Atty. Reg. #0085094, 371 West First Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     Zerrick E. Hancock appeals from his conviction and sentence on one count of

failure to register a change of address in violation of R.C. 2950.05, a third-degree felony.

{¶ 2}     In his sole assignment of error, Hancock contends the trial court erred in

denying his motion to dismiss the charge against him on the basis that his obligation to register had expired.

{¶ 3} The record reflects that Hancock was convicted of unlawful sexual conduct with a minor in 1997. The offense had occurred the prior year. Hancock served a prison term and was released in February 1999. Under the then-existing version of R.C. Chapter 2950, he was required to register his address for ten years. There was no tolling of the ten-year period. Effective March 30, 1999, however, R.C. 2950.07(D) tolled an offender's duty to register during periods of new confinement and provided that the duty to register would resume upon the offender's release from confinement.

{¶ 4} Following his release from prison in February 1999, Hancock was re-incarcerated for approximately one year in 2002 and one year in 2007. The indictment in the present case charged him with failure to register a change of address in November 2009. He moved to dismiss the indictment, arguing that his ten-year registration period had expired prior to November 2009. The State responded that R.C. 2950.07(D) tolled Hancock's registration obligation for the two years he spent in confinement in 2002 and 2007. Therefore, the State argued that his registration obligation did not expire until February 2011. The trial court agreed with the State and overruled Hancock's motion. He then pled no contest, and the trial court imposed a three-year prison sentence to be served concurrently with the sentence in another case. This appeal followed.

{¶ 5} The issue before us is whether the trial court erred in applying R.C. 2950.07(D)'s tolling provision. Hancock argues that under *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, and *State v. Williams*, 129 Ohio St.3d 344,

2011-Ohio-3374, 952 N.E.2d 1108, "the tolling provision of R.C. 2950.07(D) created a retroactive and punitive effect on [him], because the General Assembly has imposed new and additional burdens, duties, obligations, and liabilities as to a past transaction." (Appellant's brief at 7). He reasons that "R.C. 2950.07(D), as applied to [him], violates the prohibition against ex post facto laws contained in Section 10, Article I of the United States Constitution, and Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws."[1] (*Id*.).

{¶ 6}    Upon review, we find Hancock's argument to be without merit. For present purposes, we will assume, as both parties have, that the tolling provision is being applied retroactively to Hancock given that it was enacted after his original offense, conviction, and initial release from prison.

{¶ 7}    A two-part test is used to determine whether a statute may be applied retroactively. First, we ask whether the General Assembly expressly made the statute retroactive. If so, we then determine whether the statute is substantive or remedial in nature. *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶8. Ordinarily, we do not address the second part of the test unless we first determine that the General Assembly made the statute retroactive. *Id.* at ¶9. This approach is in recognition of R.C. 1.48, which provides that "[a] statute is presumed to be prospective in its operation unless expressly made retroactive." In the present case, however, Hancock's appellate argument addresses only the second issue. While acknowledging the two-part test, he does not contend the legislature

---

[1]Although Hancock's appellate brief mentions the Ex Post Facto Clause of the United States Constitution, his argument focuses exclusively on the Retroactivity Clause of the Ohio Constitution, Section 28, Article II. For purposes of our analysis, we will do likewise.

failed to make R.C. 2950.07(D) retroactive. Instead, he presumes the statute was intended to be applied retroactively and argues that it is impermissibly substantive in nature. (Appellant's brief at 5-7).

**{¶ 8}** It is well settled that "a remedial law is exempt from the constitutional prohibition on retroactivity, [but] a substantive law is not." *Kneisley v. Lattimer-Stevens Co.*, 40 Ohio St.3d 354, 356, 533 N.E.2d 743 (1988). "A statute is 'substantive' if it impairs or takes away vested rights, affects an accrued substantive right, imposes new or additional burdens, duties, obligation, or liabilities as to a past transaction, or creates a new right. Conversely, remedial laws are those affecting only the remedy provided, and include laws that merely substitute a new or more appropriate remedy for the enforcement of an existing right." *State v. Cook*, 83 Ohio St.3d 404, 411, 700 N.E.2d 570 (1998).

**{¶ 9}** In *Cook*, the Ohio Supreme Court held that the registration and address verification requirements of the then-existing version of R.C. Chapter 2950 were remedial in nature and did not violate the Retroactivity Clause of the Ohio Constitution. *Id.* at 412-413. The Ohio Supreme Court reaffirmed that holding in *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110. Following numerous, and increasingly onerous, amendments to R.C. Chapter 2950, the Ohio Supreme Court held in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, that the more recent "Adam Walsh Act" version of the legislation, S.B. 10, is unconstitutionally punitive when applied to sex offenders who committed their crimes before its effective date.

**{¶ 10}** Hancock's reliance of *Williams* is unpersuasive, however, because the tolling provision in R.C. 2950.07(D) is not a creation of S.B. 10. The tolling provision took effect

much earlier on March 30, 1999. As set forth above, the Ohio Supreme Court has recognized that the pre-S.B. 10 versions of R.C. Chapter 2950, which included R.C. 2950.07(D), may be applied retroactively. Although we are unaware of any case law specifically addressing retroactive application of the tolling provision in R.C. 2950.07(D), we find it to be remedial in nature. Given that the ten-year registration and address verification requirements in the "Megan's Law" version of R.C. Chapter 2050 can be applied retroactively, *Cook*, supra, we conclude that the tolling provision extending the ten-year period when an offender is re-incarcerated is likewise remedial in nature.

{¶ 11}  Hancock's reliance on *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, fails to persuade us otherwise. *Bodyke* involved a separation-of-powers issue arising under the "Adam Walsh Act" version of R.C. Chapter 2950. Nothing in *Bodyke* supports the proposition that the tolling provision in R.C. 2950.07(D) is substantive rather than remedial.

{¶ 12} Hancock's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Mark A. Deters
Hon. Barbara P. Gorman