[Cite as *State v. Harris*, 2014-Ohio-2203.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   25865 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No.   12-CR-2111 |
| v. | : | |
| | : | |
| PHIL E. HARRIS, JR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 23rd day of May, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CHARLES W. MORRISON, Atty. Reg. No. 0084368, 1105 Wilmington Avenue, Dayton, Ohio 45420
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}      Phil E. Harris appeals from his conviction and sentence on one count of failure to notify the sheriff's office of a change of address in violation of R.C. 2950.05(A).

{¶ 2}     In two related assignments of error, Harris contends the trial court erred in convicting him where the duration of his notification obligation had expired.

{¶ 3}     The facts underlying the present appeal are undisputed. Harris was convicted of rape on September 21, 1998. As a result, he was required to comply with sex-offender registration requirements for ten years. Those requirements included notifying the sheriff's office of any change of address. Harris completed his rape sentence on March 25, 2002 and was released. He immediately was picked up on a detainer and began serving a federal prison sentence. He was released from federal prison on March 13, 2003. In compliance with his sex-offender registration obligation, Harris performed an initial address registration on March 19, 2003.

{¶ 4}     On September 19, 2005, Harris received a nine-month prison sentence for cocaine possession. He was released from prison for that conviction on April 6, 2006. Thereafter, he apparently complied with his sex-offender registration obligations. On March 19, 2012, he registered a Dayton-area address with the sheriff's office. In June 2012, however, a detective discovered that he had been arrested in Franklin County  and had  listed a Columbus-area address as his residence. In December 2012, Harris was charged with failure to notify  the sheriff's office of an address change in violation of R.C. 2950.05(A), a third-degree felony.

{¶ 5}     In the proceedings below, Harris argued that his ten-year address registration obligation had expired on September 21, 2008—ten years after his rape conviction. Alternatively, he argued that the ten-year obligation had expired on March 25, 2012—ten years after his release from prison on the rape conviction. Therefore, he asserted that he had no duty to notify the sheriff's office of a change of address between May 1, 2012 and June 14, 2012, the dates alleged in

the indictment.[1] The State opposed Harris's argument, maintaining that R.C. 2950.07(D) tolled the duration of his registration obligation while he was incarcerated on unrelated charges. As a result, the State maintained that his duty to register remained in effect between May 1, 2012 and June 14, 2012. The trial court agreed with the State. Harris was convicted following a bench trial and sentenced to community control.[2] (Doc. #72). This appeal followed.

{¶ 6} In his first assignment of error, Harris contends "[t]he trial court erred in overruling [his] motion to dismiss due to an erroneous interpretation of R.C. 2950.07(D)." His second assignment of error asserts that "[t]he trial court erred in finding [him] guilty as it lacked sufficient evidence to establish each element of the offense beyond a reasonable doubt." Harris's legal argument under both assignments of error is the same. He claims R.C. 2950.07(D) tolled his *duty* to register while incarcerated on unrelated charges, not the *duration* of that duty. In other words, he argues that the statute, for obvious reasons, relieved him of the duty to visit the sheriff's office to register his address while incarcerated. He insists, however, that it did not toll the duration of his registration obligation. Therefore, he maintains that his duty to register expired prior to his alleged offense and that the charge against him should have been dismissed or he should have been found not guilty.

---

[1] Harris also filed motions to dismiss below raising an issue related to improper post-release control and a "void" sentence in connection with his rape conviction. He argued that these defects invalidated his failure-to-notify conviction. The trial court rejected Harris's argument, and he has not raised that issue on appeal. (Appellant's brief at 3 fn.2).

[2] The trial court's termination entry incorrectly states that Harris pled guilty to the offense. The record demonstrates, however, that he was found guilty after a bench trial. (June 25, 2013 Tr. at 48). In his statement of the case, Harris agrees and notes that "[t]he termination entry appears to be a scrivener's error and should be corrected by a nunc pro tunc entry." (Appellant's brief at 4). Because Harris does not raise the termination entry's language as an issue on appeal, however, we will not reverse based upon it. In any event, we do agree that the reference to a guilty plea appears to be a scrivener's error subject to correction at any time with a nunc pro tunc entry.

**{¶ 7}**     Upon review, we find Harris's argument to be unpersuasive. The statute at issue provides:

> The duty of an offender or delinquent child to register under this chapter is tolled for any period during which the offender or delinquent child is returned to confinement in a secure facility for any reason or imprisoned for an offense when the confinement in a secure facility or imprisonment occurs subsequent to the date determined pursuant to division (A) of this section. The offender's or delinquent child's duty to register under this chapter resumes upon the offender's or delinquent child's release from confinement in a secure facility or imprisonment.

R.C. 2950.07(D).

**{¶ 8}**     In *State v. Hancock*, 2d Dist. Montgomery No. 24653, 2012-Ohio-1435, this court referred to R.C. 2950.07(D) as a tolling provision that extended the duration of an offender's registration obligation. *Id.* at ¶ 10. The only issue in that case, however, was whether R.C. 2950.07(D) could be applied retroactively because it was remedial. The issue now before us was not raised, as the parties in *Hancock* presumed the statute tolled the duration of an offender's registration obligation. Likewise, in *State v. Hudson*, 2013-Ohio-647, 989 N.E.2d 1128 (3d Dist.), the appellate court and the parties presumed that R.C. 2950.07(D) tolled the duration of a registration obligation. *Id.* at ¶ 26. The only issue there was whether the statute could be applied retroactively. Relying on *Hancock*, the Third District found the statute remedial and found retroactive application permissible. *Id.* at ¶ 42-43. Finally, although not specifically addressing the issue before us, the Tenth District has read R.C. 2950.07(D) as tolling the duration of an offender's registration obligation. In *State v. Cundiff*, 10th Dist. Franklin No. 10AP-672, 2011-Ohio-4919, the

State challenged the terms of the trial court's entry reinstating a defendant's prior sex-offender classification and registration obligations. The Tenth District's opinion includes the following analysis:

> In its third assignment of error, the State argues the language used in the entry implies that defendant's ten-year duty to register will run without interruption beginning on July 23, 2004, and also fails to take into account the statutory tolling provision set forth in R.C. 2950.07(D). * * * We disagree.
>
> * * * The crux of the State's argument * * * seems to be that the manner in which the court addressed the issue of defendant's registration period is overbroad, in that it does not specifically take into account the statutory tolling provision that applies pursuant to R.C. 2950.07(D).
>
> The pertinent language of the judgment entry reads as follows: "[Defendant] was required to register for ten years, beginning July 23, 2004, and is ORDERED to continue to register as a sexually oriented offender as originally required."
>
> Yet, "as originally required" in 2004, defendant's duty to register for ten years was always subject to the tolling provisions of R.C. 2950.07(D). That portion of the statute reads, in relevant part, as follows:
>
>> The duty of an offender * * * to register under this chapter is tolled for any period during which the offender * * * is returned to confinement * * * when the confinement * * * occurs subsequent to the date determined pursuant to division (A) of this section. The offender's * * * duty to register under this chapter resumes upon the

offender's * * * release from confinement in a secure facility or imprisonment.

From the moment defendant was classified as a sexually oriented offender, defendant was subject to the tolling provisions of R.C. 2950.07(D) in the event that he was returned to confinement. He continues to be subject to that same tolling provision now, just as he was when it was "originally required" at his initial classification hearing.

The record reflects defendant was returned to confinement for a period of time. Thus, there was a period of time that was tolled, and therefore, it logically follows that his ten-year registration period does not run uninterrupted and will not end ten years from the date it began. However, the entry does not definitively provide a date on which his ten-year registration duties expire (i.e., it does not state his duties expire on July 23, 2014, exactly ten years after his duties commenced); rather, it simply sets forth the date on which his duties to register commenced.

Admittedly, the entry does not include language calculating the period of time that his registration duties will be extended beyond an uninterrupted ten-year period, and it does not include language stating that he is subject to the tolling provisions of R.C. 2950.07(D). Nevertheless, the fact that the entry does not specifically account for the application of a tolling period for the period of time when defendant's community control was revoked is not error. Such information is not required to be specifically included in the entry here, but the tolling provision of R.C. 2950.07(D) is still applicable. Furthermore, should defendant again be subject

to confinement, the date of the expiration of his registration duties would again be subject to change.

*Id.* at ¶ 17-23.

{¶ 9} Although the Tenth District's language supports the State's and the trial court's reading of R.C. 2950.07(D), we have not found, and the parties have not cited, any Ohio case law specifically addressing the issue before us. After reviewing the statute and its apparent purpose, however, we conclude that the duration of Harris's ten-year registration obligation was tolled while he was incarcerated on other charges. In reaching this conclusion, we note that an incarcerated sex offender's initial duty to register "commences on the date of the offender's release from a prison term[.]" R.C. 2950.07(A)(3). This makes good sense because "the primary remedial purpose behind the sex offender registration law was to protect the public by providing notification of potential sex offenders living in their neighborhood." *Hudson* at ¶ 42. "[T]he General Assembly's intent of protecting the public is not served while the offender is imprisoned—the intent was to protect the public upon the offender's release from imprisonment when the offender is living in the community." *Id.*

{¶ 10} By the same token, we believe the intent of R.C. 2950.07(D) was to toll Harris's ten-year duty to register while he was incarcerated on other charges. Although the statute perhaps could have been worded more precisely, we see no error in the trial court's reading of it. We agree with the Third District that R.C. 2950.07(D)'s tolling provision furthers the remedial purpose of sex-offender registration "by providing notification to the public when it matters most—when the sex-offender is released from prison and living in the community. Absent the tolling provision, the public is deprived of the safety benefit of the full ten-year registration period for sex offenders * *

* who are subsequently re-incarcerated." *Hudson* at ¶ 42.

{¶ 11}   Harris's assignments of error are overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

· · · · · · · · · · · · ·

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
Charles W. Morrison
Hon. Gregory F. Singer